May it please the court, my name is Conor Baer and I am representing the appellant in the first case and the second case, Mrs. Tamara Santarelli. I'd like to reserve a few minutes for rebuttal. So Mrs. Santarelli's first appeal should be decided by a very straightforward application of Federal Rule of Civil Procedure 15. That rule provides that otherwise untimely amendments to timely filed pleadings will relate back to the date of the timely filed pleading so long as both arise from the same conduct, transaction, or occurrence. But what about Maile? Maile, M-A-I-L-E, Supreme Court case, which put gloss on what is meant by that language in the rule. How do we square that argument with the limiting holding of Maile? Well, the Supreme Court's holding in Maile, Your Honor, basically took Rule 15 and made it clear that the underlying analysis needs to be based on facts, not on claims. And so the court there said that so long as the facts underlying the claims arise from the same conduct, transaction, or occurrence. Well, that amplified that. And it talked about the level of generality in which we have to view it. And if we viewed it to greater level of generality, that basically would allow anything to relate back. And what is meant under the rule in terms of relating back is that it clarifies or basically amplifies the same claim for relief that was previously presented. Well, I have a few responses to that, Your Honor. First of all, the court in Maile was pretty clear that the two claims, the two pleadings that we're analyzing have to be based around the same common core of operative facts. I think Justice Ginsburg used the word. But that doesn't help me because that means it stems from the same crime and almost always will. If you look at it that generally. Yes, that is true, Your Honor. And the court in Maile clearly said that it has to be defined more specifically than simply the overall trial and sentencing, etc. Justice Ginsburg in that case said that it has to be based around effectively the operative facts. Common core of operative facts. Yes, the common core of operative facts. It's the congruence of facts, she said, that give rise to the claim. This is all sentencing facts we're talking about? Yes, Your Honor. Well, it's the facts of the underlying claim. Here that test is clearly met, we think, because Mrs. Santorelli's original claim was based around her counsel's alleged ineffectiveness at the sentencing hearing. And her amended claim was based around her counsel's alleged ineffectiveness at the sentencing hearing. So it's the exact same core of operative facts. The second claim was the ex post facto claim? Well, the second claim is a Sixth Amendment claim, Your Honor. And she clearly made that claim in her amendment. The government says it was an ex post facto claim. The district court construed it as an ex post facto claim, but she clearly said in her amendment that it was a Sixth Amendment claim. She was alleging that her counsel failed to raise an ex post facto claim. So it's ineffectiveness, we're not recognizing the ex post facto claim? I'm sorry, I didn't understand. It's ineffective assistance of counsel for not recognizing the ex post facto claim. Yeah, that's exactly right, Your Honor. But both are ineffective assistance of counsel. I'm sorry? Both claims are ineffective. They're both Sixth Amendment claims. Yes. There's a different set of facts, if you will, that go into what constitutes, arguably, ineffectiveness. Whether it was the wrong guidelines manual that was used, or whether or not the district court was incorrectly calculating the number and loss of the victims. I don't think so, Your Honor. Those are the theories of relief that are being added. And the court in mail was very clear that you could add a new claim or new theory of relief so long as it relied on the same common core of operative facts. Take a look at Footnote 7, the mail decision, as well as the court's reliance on the Tiller case in mail, which basically said that as long as it's relying on the same operative facts, you can add new claims to relief. In the Tiller case, the plaintiff there added a new statutory claim that the court said that theory of relief had not been seen before in the case, and yet the court allowed it to relate back. And so the district court did not cite to mail. The district court did not cite to this court's subsequent holding in Hodge. And in Hodge, this court said that mail made very clear that new claims could relate back. So the district court and the government both misconstrued Mrs. Santorelli's amendment, we think. And that's particularly true given the fact that she was filing it pro se and it needed to be construed very liberally. But regardless, we think the district court applied the wrong test because the district court was examining common claims, not common operative facts. And the operative facts here are both the same, her counsel's alleged ineffectiveness in objecting to certain applications of the sentencing guidelines. I think the more difficult issue for me, Elise, is the second issue. What do we do with her second filing, we'll call it, while this case was pending? What do we call that? Well, Your Honor, there is an apparent circuit split between the Seventh Circuit and the Tenth Circuit on one side and the Second Circuit on the other side, as this court identified. Is it really a split in that those were 60Bs, right? Yeah, we don't think it's necessarily a split, Your Honor. The certificate of appealability made it out to be a little bit of a split. But we think, starting from first principles, that it's pretty clear, it seems to us, that Mrs. Santorelli and the government both agree that the secondary successive bar only attaches after the judgment has become final. So the question is, when does the judgment become final? The government says it becomes final after the district court decides something. The Second Circuit's opinion, which we think aligns better with AEDPA and the general habeas scheme, is that the judgment becomes final after the time to appeal has expired or she has exhausted her appeal. So what do we do about the government's argument that if we go down that road, it eviscerates all the time requirements and that folks will be able to file these petitions until the Supreme Court rules or denies cert? Well, I don't think that's true, Your Honor. Then-Judge Sotomayor, in the Ching case, took a look at this and she said that there are two backstops here to prevent this parade of horribles that the government brings up. The first is the abuse of the writ doctrine, which has stayed constant even after AEDPA. And the Supreme Court has clearly held that. This court has clearly held that. So if a petitioner seems to be abusing the writ time after time after time, the district courts have the discretion to deny those subsequent petitions. And the second thing that backstops this analysis is Rule 15, in that district courts have discretion under Rule 15 to allow amendments so long as they're not made as a matter of course. Here, Mrs. Santorelli's amendment was made as a matter of course because it was made less than 21 days after the government's response. But in other cases, often if it's being filed way later, it will not be made as a matter of course, and the district court will then have discretion to deny the pleading so long as, you know, if it believes that it's being vexatious. And the Supreme Court in the Slack case said, you know, the federal rules of civil procedure clearly allow district courts the discretion to deny vexatious or repetitive litigation simply for purposes of filing additional claims. You mentioned Rule 60 kind of almost as an afterthought. If we were to decide that it's appropriate under Rule 60, and therefore have it go to the district court for original consideration in the first instance, none of that comes into play, does it? Could you try to repeat the question? I'm sorry. Rule 60, to correct a basic defect in the integrity of the proceedings, if we were to view your second petition here, the one that was appealed to us, the second one, that's for the federal, I guess, if we were to view that as appropriate under Rule 60 and therefore send it back to the district court for consideration under that rule, then do we have to even worry about the issue of whether or not it's a consecutive petition, the input consideration, does that come into play still? Well, I think that the 60B consideration that your Honor is discussing would come after the first consideration, the analytical chain, which is, is it second or successive? The Supreme Court in Gonzales v. Crosby clearly held that even if it is a Rule 60B motion, if it's a second or successive petition, a habeas petition that states a habeas claim, then it is subject to the second or successive bar under AEDPA. However, as we noted in the brief, Mrs. Santorelli's February filing does not contest only the merits of her underlying conviction and sentence, but it also contests the integrity of her habeas proceeding. And so to that extent, if this Court does side with the Seventh and the Tenth Circuits' reasoning, namely that her February filing would constitute a second or successive petition, would not meet the 2244 bar, that to the extent she contests only the integrity of the habeas proceedings, it should be allowed because it does not constitute a habeas claim that would be subject to the second or successive bar. So it would be allowed under Rule 60 or under Rule 15? Well, it would be allowed under Rule 60, but it would depend on what this Court does with the original appeal. And this is why the appeals are generally linked in a certain fashion. The Second Circuit in the Waub case took a look at a situation where the original appeal was dismissed prior to the point when the Court decided the second situation. That would be analogous to when this Court denied Mrs. Santorelli's first appeal and then considered the second appeal. The Second Circuit there said, because it was filed prior to when her first appeal was denied, it's not second or successive, and the Court said it's not a motion to amend, so it just remanded it to the District Court for the District Court to do what the District Court thought was appropriate. So if we rule consistent with the Second Circuit, they both go back as Rule 15s? Yes, Your Honor. We think that this presents a really clean procedural vehicle for this Court. She has a motion to amend that we think was pretty clearly incorrectly denied by the District Court. If you vacate the operative portion of the District Court's decision in that appeal and remand the District Court for further consideration there, that presents a very easy and clean procedural vehicle. To remand her additional filing to the District Court is a motion to amend. She can present all of her amendments to the District Court in one go, and the District Court can decide whether those amendments are timely. You said even under 60B, if we decide that it's appropriate under 60B, it still has to satisfy the Rule 15 inquiry? I don't think so, Your Honor. I thought that's what you were arguing. Maybe I misunderstood you, because I was surprised by it. But I thought that's what you said a few minutes ago, that if it's appropriate under 60B because it challenges the integrity of the proceeding, it still has to clear Rule 15. No, you're not arguing that. No, I'm not arguing that. Okay, all right. To the extent she's only challenging the integrity of the habeas proceeding, under the Supreme Court's reasoning of Gonzales, that petition would not state a habeas claim, so therefore it's not subject to the second or successive bar. Okay. Thank you. Thank you. Mr. Camoni, is that correct? Yes, Your Honor. Okay. Thank you, Your Honor. Good afternoon. May it please the Court, Sean Camoni for the United States of America. On the first point for review today, Your Honors, the government contends that this Court should affirm the District Court for two reasons. The first is that the Court properly rejected the last amendment to the petitioner's original 2255 petition as untimely because that amendment raised a new claim not arising from the same core of operative facts as the claims in the original petition. So they all related to sentencing, did they not? Yes, Your Honor, but as courts have found, just relating to sentencing, just relating to the same conviction, just relating to the same trial, is not enough to pass the test that was stated in Mail v. Felix. As Judge McKee stated, the – Common core of operative facts. Yes, Your Honor, but the test is actually the time and type test in order to determine whether those facts actually do arise from the same common core. It was an ineffective assistance of counsel claim alleging ineffective assistance of representation at sentencing. Yes, Your Honor. And the subsequent petition was arguing that the wrong guidelines manual was used. Yes, Your Honor. How does that not arise out of the same common core of operative facts? So, Your Honor, under this Court's decision in Duffus, which is still, even though it predated Mail v. Felix, it's still been cited with approval from this Court, and also I would direct the Court to the Fifth Circuit's decision in Gonzalo's case, that just because an amendment raises an ineffective assistance of counsel claim, that is not a shibboleth that automatically gets you in under Rule 15 into the original petition. Here, the petitioner raises facts related to a 2007 time period where that was the time when the crimes that the defendant committed were committed, and you'd have to look at the guidelines in place in 2007. You'd have to look at the crimes that were committed with an analysis of the victims at the time to determine. What the petitioner here is raising is that there was somehow a change in the definition of victims from 2007 to 2012. Don't both claims contest the calculation of the guidelines range? Your Honor, yes. The original petition does generally contend that there was ineffective assistance because counsel did not object to the calculation of the guidelines. However, nothing in the original petition, nor in the two amendments that were allowed within the one-year time limit, gave the government fair notice that anything from the 2007 time period was being raised. So the facts differ in time, and they also differ in type, because nothing in the original petition, or the two timely amendments, raised anything having to do with either the legal theory of an ex post facto application of the guidelines, or any facts having to do with the underlying crimes. Everything in the original petition attacks counsel's representation at trial, sentencing, and on appeal. What about the fact that these folks were pro se, or she was pro se at the time, that we should liberally construe their pleadings? Is that factoring to your equation? Your Honor, certainly the district court should liberally construe the pleadings. However, even the district court recognizes as much in this case. Your Honor, the district court's opinion, the government recognizes that that decision is problematic in several aspects. However, this court can affirm the judgment of the district court for any... What you're conceding is problematic. Yes, Your Honor. Tell me what you're conceding is problematic. Your Honor, I think the government recognizes that the statement of the law in the district court's opinion with respect to whether an application of the guidelines can even raise a claim for a violation of the ex post facto clause is problematic. Well, that's just wrong, right? Just flat out wrong. Yes, Your Honor. Then you add on to that, if you ever do get to the merits, that the Supreme Court decision from 2014 looks to be pretty darn close to what we have here. Your Honor, Pew does state that there can be an ex post facto application of the guidelines. No doubt. The government recognizes that. However... If you are sentenced under the wrong set of guidelines to a more time under a newer set of guidelines, when in fact it should have been less time, you've got a problem. If the range under the guidelines in place at the time of sentencing, if those were used, and that results in a higher guideline range than those that would have been used at the time that the crime was committed, yes, that could be an ex post facto violation. It is an ex post facto violation. It could be. It is an ex post facto violation. Sentenced under the 2009 guidelines for crimes committed in 1999 and 2000 was found by the Supreme Court to be incorrect. Correct. In Pew. I'm sorry, Your Honor. I lost the question. In other words, committed white collar crimes in 1999 and 2000. It was sentenced under the 2009 guidelines. Yes, Your Honor. And the court, the sentencing court assigned the higher base offense for the level for the defendant's crimes. And in fact, the Supreme Court said that's a violation of the ex post facto clause. Thank you, Your Honor. That is correct. Under those circumstances, that is a violation of the ex post facto clause. However, under the facts alleged here, which are new facts that were not alleged in the original application for habeas, the petitioner is alleging that there was a change in the definition of victim from 2007 to 2012. And I submit to the court that that just didn't happen. The definition of victim in 2007 is worth... That's a different question though, isn't it? I mean, you're not going to the merits of the claim as opposed to whether or not the claim is raised in a second or successive petition. Yes, Your Honor. Your Honor, I raise that point only to say that any error here in misconstruing or completely misstating the holding of pew or missing that pew exists by the district court here is harmless error. Because there could not be an ex post facto application of the definition of victim as it relates to Section 2B1.1 because the definition of victim did not change between 2007 and 2012. It is word for word identical. And I actually reviewed and I apologized to the court. I was not the attorney on the brief, so I don't know if... I don't think this work was done previously, but I went back even into the mid-90s. And the definition of victim during the period of time during which the defendant was committing her crimes, and in particular that last period of time in 2007, the definition under 2B1.1 that's relevant of victim is word for word identical to the definition in 2012. So any error with respect to misconstruing the state of the law as to an ex post facto application of the guidelines is harmless error because there is no way that there was a violation in this case with respect to that. What about the second issue we're dealing with? What do we call the second filing, as it were, in this case? Your Honor, we call it exactly what the petitioner styled it as. It is an application for a second petition for habeas. The Seventh and Tenth Circuits have it right here. The ADPA sets a time limit. It sets a limit as to the number. And respectfully, this should not get before a district court. But isn't the Seventh and Tenth Circuits, they were dealing with a 60B issue, where there had been a final adjudication of the merits. And here, there is no final adjudication of the merits when the second set of papers were documented. That's correct, Your Honor. However, in Gonzales, the Supreme Court analogized 60B. Another 60B, right? Yes, Your Honor. And the analysis of whether or not a petition should be construed as a second petition for habeas, as an application for a second petition for habeas, the analysis that the Supreme Court underwent analogized that 60B motion and found it to be, if it's submitting claims on the merits or raising claims on the merits, that it is an application for a second petition for habeas. So under the ADPA, those second successive petitions should never reach the district court for any kind of consideration without undergoing the gatekeeping requirements of the circuit breaker. So Mr. Burris argued that if it's attacking the integrity of the proceedings, it's not really even habeas and we shouldn't get into that consideration to begin with. That is correct under the Supreme Court's holding in Gonzales, Your Honor. However, that's not what was filed here. The petition that was filed by petitioner attacks the district court's finding in total. It attacks the findings on the merits and it attacks the procedural integrity altogether. If the petitioner made a 60B motion with the district court, that would be a different procedural posture. However, the courts that have looked at various ways to bypass the 2244B requirements have all found that AEDPA requires the gatekeeping function to be exercised regardless of what the filing is styled as. So, for example, in the Wab case in the Second Circuit, the reason that was such a procedural absurdity really was because what you're left with in that case, you had the circuit court say this is not an amendment to the original petition. But it's also not a second or successive petition. But the district court has to entertain it. So now the district court, who has already ruled and fully adjudicated on an original petition for habeas, denied a certificate of appealability. The circuit court denied a certificate of appealability there. Now the district court, having already ruled on a first first petition for habeas, has to rule on a second first petition for habeas. The Seventh and Tenth Circuits recognize, the Tenth Circuit directly rejecting the reasoning in Wab, that as a practical matter, this just doesn't work. Once the district court has ruled on a petition for habeas, anything filed after that with new claims is a second or successive petition for habeas. But you've got a circuit split as to when you can, in effect, bring Rule 15B into play. In other words, is the first petition, when is it final? Three circuits and some dealing with Rule 60B say, okay, it's final, can be final during the pendency of the appeal. Two circuits say it isn't final until the appeal is finally resolved, correct? That's the Second and the Sixth Circuit. I think that, yes, Your Honor. So if we were to follow the Second and the Sixth Circuit, and to say that this petition's not final until it's completely resolved, then you really come back to Rule 15B and you've got a, do you have a common core of operative facts? The first petition for habeas, she claimed the trial counsel failed to render effective assistance, so it's ineffective assistance, by failing to argue the pre-sentence report errors, by failing to argue for a reduction in her base offense level, by failing to argue against certain sentencing enhancements, and ultimately just being ignorant of what the law was at the time of sentencing. She later adds, wants to add, that he's also ineffective because he didn't object to the use of the 2012 sentencing guidelines, even though she had committed the underlying offenses in 06 and 07, which sounds an awful lot like Pew. I mean, this almost looks like it's, I shouldn't say fairly easy, but it's easy to follow the argument. Your Honor, when Your Honor was discussing what the petitioner raised, were you referring to her untimely amendment or her new filing with this court? I'm talking about the filing for habeas that she did on November 15th of 2015. So, Your Honor, the original filing for habeas. The 15th of 2015, sorry. Yes, Your Honor. The original filing for habeas did not raise any facts stemming from the time that her crimes were committed. It did not require the analysis of the victims or their losses. It did not require any analysis of who suffered losses or who she targeted. It did not require any analysis of the guidelines from 2007. Any filing, no matter what it was called, after that point, after the one-year time limit was up from AEDPA, after that point, those are new claims not arising from a common core of operative facts, and they should be treated as a second or successive petition for habeas. Even whether they're styled as a Rule 15 amendment that seeks to relate back or whether they are filed as a second or successive petition with this court, anything that raises new claims that were not raised in the original petition is a second or successive petition for habeas. Was the first petition fully resolved? No. Right? Your Honor, the first petition was disposed of by the district court entirely. And when was that resolved? It's on appeal, remember. Yes, Your Honor, it's on appeal right now. So the difference between a habeas matter filed under the AEDPA and the normal course of litigation where we refer to final judgments as having exhausted all opportunities for appeal and post-judgment relief is that we have strict requirements under the AEDPA that there be one habeas petition unless the circuit court says there can be a second. But that rule doesn't answer the question of when it becomes final. I mean, you could argue policy-wise that it's inconsistent with the policy of HEDPA if we look at a final decision to not take place until after the Supreme Court has granted cert or denied cert. But other than that policy rule, just based upon the language of HEDPA and the rules, that doesn't answer when it becomes final. Your Honor, the government would argue that it becomes final when the district court rules on the initial petition. And the reason for that is that with habeas petitions, there is a very clear requirement that under Rule 2C, under Habeas Corpus Rule 2C, the petitioner must specify all grounds for relief and state facts supporting each ground, and each one of those, as the petitioner raised, the separate congrees of facts must all be pled separately. And there is a notice of election before the district court will even consider the petition, stressing to the petitioner, I see my time is up, Your Honor, that this is your only bite at the apple. This is the only chance you get at this. Is everything in this petition, is this what you want us to consider? Yes, Your Honor. The district court asked for anything else, I guess, within 45 days from the initial petition, and nothing was forthcoming. Yes, Your Honor. There was a notice of election sent out, and the 45 days elapsed, and the petitioner did not submit any amendment or change except for two later Rule 15 amendments, which were timely. The first would have been as of right because it was before the government had filed a response. The second was on motion, and it was permitted. So those amendments were allowed in, even though they came after the notice of election, and then once the one-year time limit had elapsed and the government had responded, that final, untimely motion to amend was denied. Thank you, Your Honors. There are only a few minutes, I believe. I'd like to address the questions in reverse order, starting with the second question. So the government's position here is that final judgment becomes final on the decision of the district court. This, as the Second Circuit noted in Rob, creates uncertainty because, say, for example, the district court rules against the petitioner on a procedural matter. It goes up to the appellate court. The appellate court reverses and vacates the district court's decision. Is that still a final judgment? Do petitions filed after that point, are they still second or successive? The district court's answer does not answer this. The better position, we think, is to adhere to what Section 2244 says, which is that judgment becomes final after all the appeals have been exhausted or the time to appeal has been exhausted. What would be the appropriate vehicle to send the second filings back if we go down that road? How do we send them back? Well, Your Honor, in Rob, the district court's decision, or the Second Circuit's decision in Rob said it doesn't matter. We're going to send it back to the district court. And what the district court did in that case was it took a look at it and said, it took a look at it as essentially a 2255 petition. So did we send it back and tell the district court, figure it out? Yes, Your Honor. And that's exactly what the district court in Rob did. Twelve months later, the district court denied that petition because it had already raised claims. So it effectively denied the petition under the Abuse of the Writ Doctrine. It did not extend on for years like the government says it will. That just didn't happen. And the second circuit in Rob clearly noted that it's better to wait until there has been a final adjudication on the merits of the claim. The government concedes here in Rob's argument that there has been no final adjudication on the merits of this claim. And until there's a final adjudication on the merits, it's better to wait until that point because otherwise it could be reopened again. And at that point, does the petitioner have to wait until it's reopened on remand to be able to file a new petition? Is that okay? The government hasn't answered that, and it creates more uncertainty to take the government's position. The second thing is regarding the government brought up that it's just harmless error and that the definition of victim has not changed since 2007. That's not true. The definition itself has not changed, but the application guidelines as to how to apply the definition have definitely changed. Different points were attributed, right? I'm sorry? Different points attributed to the definition of victim? I'm not sure what Your Honor means by that question. The definition was expanded by the scope of the guidelines or the application notes, rather, to the guidelines that said you can also include people whose names were used in the context of the crime. And the record here is not clear as to exactly how the government came to the 10-plus victim enhancement. This court's doctrine set out in the Morris v. Horn case in 1999 says that if a district court ruled against a petitioner on a procedural matter and then it comes up to this court, this court's, the prudent doctrine, the prudent course is to reverse the procedural matter and remand back down to the district court. So for these reasons, we think the district court's decision should be reversed. Thank you. Thank you. I'm going to take the matter into advisement. Oh, that's right. Yeah, I do want to thank counsel. Thanks for pointing that out. Your Honor, and I want to thank you very much for undertaking representation. It means a lot to not just this case, obviously, but the entire system of representation and justice. So you really have the court's gratitude for taking the matter as you have. Thank you. The court is adjourned. State April 25th. And I'm adjourned. Good job. Thanks. Thank you.